## STATE v. JAMES CRAYTON.

(Filed 14 December, 1938.)

**Automobiles § 31: Criminal Law § 56—Speed in excess of statutory maximum is merely prima facie evidence that speed is unlawful.**

A warrant charging merely that defendant operated his automobile at a designated speed in excess of the maximum prescribed by statute and the applicable municipal ordinance, charges no criminal offense, and defendant's motion in arrest of judgment should be allowed, since under the provisions of the statutes such speed constitutes merely *prima facie* evidence that the speed is unlawful. Public Laws of 1935, ch. 311, sec. 2 (a), (b), (g).

APPEAL by defendant from *Phillips, J.,* at August Criminal Term, 1938, of GUILFORD. Reversed.

The defendant was tried and convicted in the municipal court of the city of Greensboro under a warrant which charged that the defendant "within the corporate limits of the city of Greensboro, within one mile of the corporate limits of the city of Greensboro, did unlawfully, willfully operate an automobile on Church Street at a rate of 45 miles per hour, against the statute in such case made and provided, and against the peace and dignity of the State and in violation of city ordinance, section ........." From judgment pronounced thereon the defendant appealed to the Superior Court. On the trial below the jury returned a verdict of "guilty."

Upon the coming in of the verdict defendant moved for arrest of judgment for that the warrant did not sufficiently charge the defendant with the commission of any criminal offense. The motion was denied and the defendant excepted. Judgment was pronounced on the verdict and the defendant excepted and appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*
*O. W. Duke for defendant, appellant.*

PER CURIAM. The warrant charges the defendant with no criminal offense. It merely charges the commission of an act which, if established, constitutes *prima facie* evidence of an offense. Public Laws 1935, ch. 311, sec. 2 (a), (b). The ordinance of the city of Greensboro offered in evidence as it relates to this case has no effect other than to increase the *prima facie* speed limit within the corporate limits of Greensboro on the streets designated to thirty miles per hour. Public Laws 1935, ch. 311, sec. 2, subsec. (g).

There was error in the refusal of the court to grant the defendant's motion in arrest of judgment.

Reversed.